# Perrine *v.* Lake Shore & Michigan Southern Railway Company, Appellant.

*Railroads—Cattle guards—Negligence—Evidence—Acts of March 28, 1868, P. L. 514, and April 17, 1869, P. L. 1125.*

1. The fact that a railroad company maintains a cattle guard which in the opinions of its officers is a proper and sufficient device will not relieve the company from liability under the local Act of March 28, 1868, P. L. 514, extended to Venango county by the Act of April 17, 1869, P. L. 1125, for the loss of cattle where the evidence offered by the owner of the cattle tends to show that the plan adopted by the company did not result in excluding orderly cattle from the track. In such a case the question whether the company has performed its duty is for the jury.

2. Where a railroad company has neglected to establish and maintain a proper cattle guard as required by the Act of March 28, 1868, P. L. 514, it is not relieved from liability for the loss of cattle by the fact that the fences around the field of the owner of the cattle were insufficient to restrain orderly cattle.

3. The Act of April 4, 1889, P. L. 27, which repeals the first section of the Act of 1700, 1 Sm. L. 13, does not repeal by implication the local laws in operation in numerous counties which require railroad companies operating railroads therein to fence their rights of way and maintain sufficient cattle guards.

Argued April 13, 1910. Appeals, No. 53, April. T., 1910, by defendant, from judgment of C. P. Venango Co., Jan. T., 1908, No. 2, on verdict for plaintiff in case of L. F. Perrine v. The Lake Shore & Michigan Southern Railway Company. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Trespass to recover for the loss of a steer. Before Criswell, P. J.

At the trial it appeared that on September 29, 1907, a steer belonging to the plaintiff escaped from his pasture and straying about, crossed over a cattle guard at a public road crossing, entered upon the defendant's right of way

and was struck by an engine and killed.  To recover the value of the animal under the local statute of March 28, 1868, P. L. 514, extended to Venango county by the Act of April 17, 1869, P. L. 1125, the plaintiff brought this suit.

Defendant presented, inter alia, the following points:

2. If the jury find that the plaintiff's fences around his pasture were insufficient to restrain orderly cattle and in bad repair, the plaintiff has failed in the performance of his legal duty to confine his stock to his own land and is not entitled to recover in this action.  *Answer*: Refused. [1]

3. Under all the evidence the verdict should be for the defendant.  *Answer*: Refused. [2]

4. That the plaintiff's action being under the special statute of March 28, 1868, the burden of proof is upon him to establish all the facts necessary to bring himself within the terms of the statute, and the plaintiff having failed to show that the animal was an orderly animal such as is specified in the statute, he is not entitled to recover in this action.  *Answer*: Refused. [3]

Verdict and judgment for plaintiff for $37.35.  Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*John L. Nesbit*, for appellant.—The defendant's liability rests upon whether or not it was negligent in the performance of its duty under the special statute, and the test of negligence is the ordinary usage of business: Fick v. Jackson, 3 Pa. Superior Ct. 378; Kilbride v. Carbon Dioxide, etc., Co., 201 Pa. 552.

The plaintiff's duty was to keep his cattle from roving, and he was bound at all hazards to confine them to his own lands: Erdman v. Gottshall, 9 Pa. Superior Ct. 295; Barber v. Mensch, 157 Pa. 390; Dolph v. Ferris, 7 W. & S. 367; Shultz v. Wall, 134 Pa. 262; New York, etc., R. R.

Co. v. Skinner, 19 Pa. 298; North Pennsylvania R. R. Co.
v. Rehman, 49 Pa. 101; Horricks v. R. R. Co., 1 Phila.
28; Hance v. Cayuga, etc., R. R. Co., 26 N. Y. 428.


*R. F. Glenn,* for appellee.—This case is ruled by Penna.
R. R. Co. v. Japes, 20 W. N. C. 570.


OPINION BY HENDERSON, J., October 10, 1910:

The first proposition for which the appellant contends
is that the court was in error in submitting to the jury the
question whether the defendant had constructed a suffi-
cient cattle guard at the place where the plaintiff's cattle
passed from the highway onto the defendant's right of way.
The position taken is that a cattle guard is sufficient
which railroad men of practical knowledge and experience
would consider effective to prevent usually orderly cattle
from straying on the track, and as the defendant's evi-
dence showed that the cattle guard in question was
built according to a plan adopted by the defendant
and another railroad company operating lines in west-
ern Pennsylvania and which was considered a standard
device for the purpose there was no default by the com-
pany in this respect and liability under the special stat-
ute did not arise. The ordinary usage of railroad com-
panies is said to fix the standard of duty and that as the
defendant's cattle guard was made after an approved
pattern its duty was performed. It may be said with
reference to this course of reasoning that the matter of
the form of the structure is not within the exclusive con-
trol of the company when the question arises whether
the law has been complied with. The statute does not
prescribe the form of the guard, but it declares the effect
necessary to be produced; that is, it shall be sufficient to
prevent orderly cattle, etc., from straying upon the rail-
road track. Whether the device adopted accomplished
this result must necessarily be a question of fact to be
determined by a jury. It may be that employees of a
railroad company are well qualified to determine this

question, but they are no more so than others whose observation and experience enable them to form an intelligent opinion on the subject. Witnesses who have frequently seen orderly cattle walk over the cattle guards are certainly as well qualified to judge of the adequacy of the obstruction as are those whose theory or experience leads to a contrary conclusion. The plaintiff's evidence showed that the plan adopted by the defendant did not result in excluding stock from the track, and while this was in a degree contradicted by witnesses called for the defendant the question was still one for the consideration of the jury. That this question was properly submitted is shown by Penna. R. R. Co. v. Japes, 20 W. N. C. 570. The next ground of complaint is that the court refused to charge the jury that if the fences around the plaintiff's field were insufficient to restrain orderly cattle the plaintiff failed in performance of his duty to confine his stock to his own land and that he was therefore not entitled to recover. It will be observed, however, that the statute fixes the liability of the defendant if it fail to perform the duty imposed. The statute was designed not only for the protection of the property of persons residing in the vicinity of railroads but also for the protection of the limbs and lives of those traveling over or using the railroads: R. R. Co. v. Mead, 8 W. N. C. 206. Of this statute and one of like character it was said in Welles v. Northern Cent. Ry. Co., 150 Pa. 620, "They are both within a proper exercise of the police power of the state and designed for the protection of persons and property." It was for the legislature to say, therefore, what should be the penalty for a failure to comply with the law on this subject. Liability to pay damages for stock killed or injured was presumably regarded as a spur to continued compliance with the requirement of the statute. Whether the animal killed was on the premises of the owner at the place where it crossed the cattle guard does not appear from the evidence nor do we consider it material. Conceding that since the repeal of the first section of the act of 1700, the owner of

cattle is bound to restrain them if he would avoid liability in trespass for damage done by them while at large we do not regard this question as involved in the present controversy. The presence of the plaintiff's steer on the public highway did not injure anyone. The defendant was bound to use means in the form of a cattle guard fairly adequate to keep the animal off the track within its right of way, and the liability arises from its failure so to do. We cannot regard the act of 1889 which repealed the first section of the act of 1700 as repealing by implication the local laws in operation in numerous counties which require railroad companies operating railroads therein to fence their rights of way and maintain sufficient cattle guards. The repealing statute related to an entirely different subject, was general in its terms and had no application to the local laws referred to. Notwithstanding the clear and forcible argument of the appellant's counsel we are unable to sustain the assignments of error.

The judgment is affirmed.